UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TETTIE MAHEU, | ] | |
| Plaintiff(s) | ] | |
| | ] | |
| v. | ] | Case No. **2:06CV00069 ERW** |
| | ] | |
| LEONARD CLARK, et al, | ] | |
| Defendant(s). | ] | |
| | ] | |
| v. | ] | |
| | ] | |
| C.M., a minor | ] | |
| Intervenor | ] | |

## SETTLEMENT AGREEMENT
## AND
## JOINT APPLICATION FOR SUBMISSION AND APPROVAL OF
## DISTRIBUTION OF WRONGFUL DEATH SETTLEMENT

This Settlement Agreement And Joint Application For Submission And Approval Of Distribution of Wrongful Death Settlement (hereinafter "Settlement") is made and entered into on this 16TH day of MAY, 2008, by and between **TETTI MAHEU** ("Plaintiff"), and **C. M. a minor,** by his natural mother/guardian, **DINA M. HOFFMAN** ("Intervenor") (Plaintiff and Intervenor collectively referred to as "Parties").

### WITNESSETH:

**WHEREAS**, Plaintiff and Intervenor are making claims against Leonard Clark, the Sheriff of Adair County, Missouri; Tina Crouse; Barbara Rogers; Adam Claybrook; Joyce Cooper; and Rick Fountain (collectively referred to as "Defendants") for damages under the 8th and 14th Amendments to the United States Constitution concerning the suicide death of Chris Maheu while incarcerated in

1

Exh. A

the Adair County Detention Center from December 25, 2003 to December 29, 2003, which include claims for compensation for the reasonable value of lost services, companionship, counsel, comfort and support, and other damages under circumstances which the Plaintiff claims renders Defendants liable, as is more specifically alleged in the lawsuit styled <u>TETTIE MAHEU, Plaintiff, v. LEONARD CLARK, et. al., Defendants</u>, case no. 2:06CV00069 filed on or about December 2006 in the United States District Court for the Eastern District of Missouri, Northern Division (the "Action"); and

**WHEREAS,** the Parties and Defendants have reached a settlement of the Parties' claims, under which Defendants have agreed to pay the sum of $150,000.00 plus costs up to $15,000.00 to the Parties, for a dismissal and release of the Parties' claims.

**WHEREAS,** the Parties have reached a compromise and agreement as to the distribution of the settlement proceeds being paid by the Defendants in this action.

**NOW, THEREFORE,** for and in consideration of this compromise, and in consideration of the mutual promises contained herein, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged by the Parties in satisfaction of all losses, damages, and/or claims arising in this dispute and in the Action against Defendants, the Parties do hereby agree as follows:

A. The Parties each agree to settle and compromise of all claims arising in the dispute and Action against the Defendants for the wrongful death of Chris Maheu, for the sum of $150,000.00 (hereinafter referred to as "Settlement Proceeds"), to be paid by Defendants.

B.  The Parties further agree that in addition to the Settlement Proceeds, taxable court costs of $9,334.61, as well as the attorney's fees and expenses of the Court appointed Guardian Ad Litem, Jeffrey R. Curl, appointed to represent C.M. a minor, shall be paid by the Defendants.

C.  The Parties further agree that from the Settlement Proceeds, total attorneys fees of $75,000.00, shall be paid to Danieal H. Miller P.C. and Seth Shumaker.

D.  The Parties further agree that the remaining balance of the Settlement Proceeds amounting to $75,000.00, shall be paid and divided equally (50/50) between Plaintiff and Intervenor, with each party receiving $37,500.00, subject to the restriction that the settlement monies paid to Intervenor, shall be placed into a court restricted account established through Washington State law. Until such time as said account is established, the settlement funds shall remain deposited with the Federal Court. The attorney's fees and costs of establishing the court restricted account shall be payable from the Intervenor's share of the Settlement Proceeds.

E.  The Parties acknowledge that there are other Plaintiff Class members, namely: Glen Maheu Sr., Robert Maheu, Matthew Maheu, Mark Maheu, who have each executed written waivers of interest to any of the proceeds of the settlement, copies of which are attached hereto as Exhibits A, B, C and D respectively. Pursuant to these waivers, the Parties recommend that these Class Members receive no portion of the Settlement.

F.  Furthermore, the Parties have attempted to obtain written waivers from other Plaintiff Class Members, namely: Michael Maheu, Dawn Williams and Glen Maheu Jr., but have been unsuccessful due to their whereabouts being unknown. Nevertheless, the Parties stipulate and acknowledge that decedent, Chris Maheu, did not provide support to any of these Class Members, that Class Members Michael Maheu and Dawn Williams did not attend the funeral of the decedent,

3

and none of these three have maintained or had contact with the Parties for several years since that date. As a result and for these reasons, the Parties agree and recommend that these Class Members receive no portion of the Settlement.

**IT IS FURTHER STIPULATED AND AGREED,** that Plaintiff and Intervenor knowingly, willingly and voluntarily waive his/her right to appear in Court for the hearing at which time the terms of this Settlement shall be submitted for approval by the Court, and each affirmatively states that he/she believes this Settlement is in the best interest of the Parties and requests that the Court approve the terms of this Settlement in all respects.

**IT IS FURTHER STIPULATED AND AGREED**, as part of the consideration of this Settlement, that this Settlement is the entire agreement between the Parties, and that in executing this Settlement, the Parties are relying upon their own judgment and counsel, and the Parties acknowledge that no other representation, promise or agreement not herein expressed has been made to the Parties by any person, including their respective attorneys.

**IT IS FURTHER STIPULATED AND AGREED**, as part of the consideration of this Settlement, that this Settlement is binding upon and shall enure to the benefit of the Parties hereto, and their respective successors, heirs, administrators, assigns, and upon all persons, firms, and corporations who claim by and through the Parties herein.

**IT IS FURTHER STIPULATED AND AGREED**, as part of the consideration of this Settlement, that the Parties shall sign a Release in favor of Defendants, and execute a Satisfaction of Judgment upon payment and delivery of the Settlement Proceeds to the Parties. The attorneys for the Parties further agree to execute and file a Release of any attorney's lien, upon payment and delivery of the Settlement Proceeds and costs.

4

**IT IS FURTHER STIPULATED AND AGREED**, as part of the consideration of this Settlement that the Parties acknowledge that they have been provided with full and ample opportunity to present this Settlement to their respective attorney for review. The Parties further acknowledge that the Settlement described herein is the product of mutual agreement of all Parties to this Release.

**IT IS FURTHER STIPULATED AND AGREED**, as part of the consideration of this Settlement that the provisions of this Settlement shall be severable, and the breach of one provision shall not be construed to be a breach of any other provision of this Settlement. The invalidity or unenforceability of any particular provision of this Settlement shall not affect the other provisions hereof, and this Settlement shall be construed, in all respects, as if such invalid or unenforceable provisions were omitted. The terms of this Settlement are contractual in nature, and are not merely recitals.

**IT IS FURTHER STIPULATED AND AGREED** as part of the consideration of this Settlement, that this Settlement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

**IT IS FURTHER STIPULATED AND AGREED**, as part of the consideration of this Settlement that the Parties acknowledge that they have read this Settlement, that they understand the terms, provisions, and legal effect of this Settlement which is signified by their signature to this Settlement, and that they have executed the Settlement based upon the advice of their attorney.

**IN WITNESS WHEREOF**, the undersigned has executed this Settlement on the date as shown below, by his own free act and deed, with full knowledge of the contents of this Settlement, and for the sole consideration expressed herein and upon the advice of his attorney.

Dated: 5/16/08 [Notary stamp: NANCY NEEL, COMMISSION EXPIRES 9-09-10, NOTARY PUBLIC, STATE OF WASHINGTON]

*Dina M. Hoffman*
DINA M. HOFFMAN
Natural Mother/Guardian of C.M. a minor
CURL & HARK, L.L.C.

Dated: 5/19/08

JEFFREY R. CURL    EDMO #30070
999 Broadway, P.O. Box 1013
Hannibal, MO 63401-1013
Phone: 573-221-7333
Fax:   573-221-8824
Guardian Ad Litem

Dated:_____

TETTIE MAHEU

Dated:_____

DANIEAL H. MILLER, PC  #5717
Attorney at Law
720 W. Sexton Road
Columbia, MO 65203
Phone: 573-443-1645
Attorney for Plaintiff

STATE OF WASHINGTON  )
                     ) SS
COUNTY OF Thurston   )

On this __16__ day of __May__, 2008, before me personally appeared DINA M. HOFFMAN, to me known to be the individual who executed this Settlement Agreement and Joint Application for Submission and Approval of Distribution of Wrongful Death Settlement and acknowledged that she fully understood the contents of this Agreement, freely executed the same for the sole consideration therein expressed, and executed the same based upon the advice of her attorney.

6

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
Notary Public

STATE OF MISSOURI       )
                        ) SS
COUNTY OF _____ )

On this _____ day of _____, 2008, before me personally appeared TETTIE MAHEU, to me known to be the individual who executed the Settlement Agreement and Joint Application for Submission and Approval of Distribution of Wrongful Death Settlement and acknowledged that she fully understood the contents of this Agreement, freely executed the same for the sole consideration therein expressed, and executed the same based upon the advice of her attorney.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
**Notary Public**

7

Dated:_____          _____
                             DINA M. HOFFMAN
                             Natural Mother/Guardian of C.M. a minor
                             CURL & HARK, L.L.C.

Dated:_____          _____
                             JEFFREY R. CURL    EDMO #30070
                             999 Broadway, P.O. Box 1013
                             Hannibal, MO 63401-1013
                             Phone: 573-221-7333
                             Fax:   573-221-8824
                             Guardian Ad Litem

Dated: 5-19-08               /s/ Tettie Maheu
                             TETTIE MAHEU

Dated: 5-21-08               /s/ Danieal H. Miller
                             DANIEAL H. MILLER, PC  #5717
                             Attorney at Law
                             720 W. Sexton Road
                             Columbia, MO 65203
                             Phone: 573-443-1645
                             Attorney for Plaintiff

STATE OF WASHINGTON    )
                       ) SS
COUNTY OF _____   )

6

On this _____ day of _____, 2008, before me personally appeared DINA M. HOFFMAN, to me known to be the individual who executed this Settlement Agreement and Joint Application for Submission and Approval of Distribution of Wrongful Death Settlement and acknowledged that she fully understood the contents of this Agreement, freely executed the same for the sole consideration therein expressed, and executed the same based upon the advice of her attorney.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
Notary Public


STATE OF MISSOURI      )
                       ) SS
COUNTY OF Adair        )

On this 19th day of May, 2008, before me personally appeared TETTIE MAHEU, to me known to be the individual who executed the Settlement Agreement and Joint Application for Submission and Approval of Distribution of Wrongful Death Settlement and acknowledged that she fully understood the contents of this Agreement, freely executed the same for the sole consideration therein expressed, and executed the same based upon the advice of her attorney.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

**LORRIE L. MALLOY**
Notary Public-Notary Seal
STATE OF MISSOURI
Adair County
My Commission Expires 3-18-2012
Commission # 08428706

_Lorrie L. Malloy_
Notary Public

## WAIVER OF INTEREST IN PROCEEDS AND
## CONSENT TO HEARING WITHOUT ANY FURTHER NOTICE

By my signature hereon I, Glen Maheu, being the natural father of Christopher Maheu, deceased, understand that I am a member of Class 1 or Class 2 Plaintiffs, and that the settlement proceeds in conjunction with *Tettie Maheu v. Leonard Clark, et al*, Case No. 2:06CV00069 ERW, shall be divided as follows: Fifty percent (50%) of the net proceeds to Tettie Maheu, natural mother of Christopher Maheu, deceased, and fifty percent (50%) of the net proceeds to a conservatorship for the benefit of Cody Maheu, the minor child of Christopher Maheu, deceased. Based on the above, I hereby waive any claim I have or could have had under any possible theory or circumstances arising out of the death of Christopher Maheu. Additionally, by my signature hereon, I waive my right to notice of hearing and consent that the settlement hearing may occur without any additional notice to me, and that the Court may approve the wrongful death settlement in the above-captioned case as requested by the plaintiff and the defendants and the proceeds of the settlement may be distributed as described above without any distribution of the settlement proceeds to me.

_____
GLEN MAHEU

Subscribed and sworn to before me, a Notary Public, this 31ST day of March, 2008.

**LORRIE L. MALLOY**
Notary Public-Notary Seal
STATE OF MISSOURI
Adair County
My Commission Expires 3-18-2012
Commission # 08428706

_____
NOTARY PUBLIC

My commission expires: 3-18-2012

Exh. A

## WAIVER OF INTEREST IN PROCEEDS AND CONSENT
## TO HEARING WITHOUT ANY FURTHER NOTICE

By my signature hereon I, Robert T. Maheu, being the brother of Christopher Maheu, deceased, understand that I am not a member of Class 1 or Class 2 Plaintiffs and that any right to recovery is tenuous at best, and that the settlement proceeds in conjunction with *Tettie Maheu v. Leonard Clark, et al*, Case No. 2:06CV00069 ERW, shall be divided as follows: Fifty percent (50%) of the net proceeds to Tettie Maheu, natural mother of Christopher Maheu, deceased, and fifty percent (50%) of the net proceeds to a conservatorship for the benefit of Cody Maheu, the minor child of Christopher Maheu, deceased. Based on the above, I hereby waive any claim I have or could have had under any possible theory or circumstances arising out of the death of Christopher Maheu. Additionally, by my signature hereon, I waive my right to notice of hearing and consent that the settlement hearing may occur without any additional notice to me, and that the Court may approve the wrongful death settlement in the above-captioned case as requested by the plaintiff and the defendants and the proceeds of the settlement may be distributed as described above without any distribution of the settlement proceeds to me.

_____
ROBERT T. MAHEU

Subscribed and sworn to before me, a Notary Public, this 31st day of March, 2008.

**LORRIE L. MALLOY**
Notary Public-Notary Seal
STATE OF MISSOURI
Adair County
My Commission Expires 3-18-2012
Commission # 08428706

_____
NOTARY PUBLIC

My commission expires: 3-18-2012

Exh. B

WAIVER OF INTEREST IN PROCEEDS AND CONSENT
TO HEARING WITHOUT ANY FURTHER NOTICE

By my signature hereon I, Matthew J. Maheu, being the brother of Christopher Maheu, deceased, understand that I am not a member of Class 1 or Class 2 Plaintiffs and that any right to recovery is tenuous at best, and that the settlement proceeds in conjunction with *Tettie Maheu v. Leonard Clark, et al*, Case No. 2:06CV00069 ERW, shall be divided as follows: Fifty percent (50%) of the net proceeds to Tettie Maheu, natural mother of Christopher Maheu, deceased, and fifty percent (50%) of the net proceeds to a conservatorship for the benefit of Cody Maheu, the minor child of Christopher Maheu, deceased. Based on the above, I hereby waive any claim I have or could have had under any possible theory or circumstances arising out of the death of Christopher Maheu. Additionally, by my signature hereon, I waive my right to notice of hearing and consent that the settlement hearing may occur without any additional notice to me, and that the Court may approve the wrongful death settlement in the above-captioned case as requested by the plaintiff and the defendants and the proceeds of the settlement may be distributed as described above without any distribution of the settlement proceeds to me.

_____
MATTHEW J. MAHEU

Subscribed and sworn to before me, a Notary Public, this 11 day of April, 2008.

_____
NOTARY PUBLIC

My commission expires: August 16, 2009

Exh. C

## WAIVER OF INTEREST IN PROCEEDS AND CONSENT
## TO HEARING WITHOUT ANY FURTHER NOTICE

By my signature hereon I, Mark A. Maheu, being the brother of Christopher Maheu, deceased, understand that I am not a member of Class 1 or Class 2 Plaintiffs and that any right to recovery is tenuous at best, and that the settlement proceeds in conjunction with *Tettie Maheu v. Leonard Clark, et al*, Case No. 2:06CV00069 ERW, shall be divided as follows: Fifty percent (50%) of the net proceeds to Tettie Maheu, natural mother of Christopher Maheu, deceased, and fifty percent (50%) of the net proceeds to a conservatorship for the benefit of Cody Maheu, the minor child of Christopher Maheu, deceased. Based on the above, I hereby waive any claim I have or could have had under any possible theory or circumstances arising out of the death of Christopher Maheu. Additionally, by my signature hereon, I waive my right to notice of hearing and consent that the settlement hearing may occur without any additional notice to me, and that the Court may approve the wrongful death settlement in the above-captioned case as requested by the plaintiff and the defendants and the proceeds of the settlement may be distributed as described above without any distribution of the settlement proceeds to me.

_____
MARK A. MAHEU

Subscribed and sworn to before me, a Notary Public, this 17th day of April, 2008.

_____
NOTARY PUBLIC

My commission expires: 3-18-2012

**LORRIE L. MALLOY**
Notary Public-Notary Seal
STATE OF MISSOURI
Adair County
My Commission Expires 3-18-2012
Commission # 08428706

Exh. D